UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT MUNRO HUSBAND OF/AND CHARLENE MUNRO,<br>Plaintiffs,<br><br>VERSUS<br><br>CRHGZH LLC, McMATH PROPERTIES LLC, INNOVATIVE HEALTH SERVICES ET AL,<br>Defendants. | CIVIL ACTION NO.: _____ |

## NOTICE OF REMOVAL

Third-Party Defendants, Covington Specialty Insurance Company ("Covington") and RSUI Indemnity Company ("RSUI Indemnity") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to this Court on the grounds set forth below.

1.

On July 10, 2019, Robert Munro husband of/and Charlene Munro filed a Verified Petition for Personal Injury Damages, naming as defendants CRHGZH, LLC, McMath Properties, LLC, Innovative Health Services, LLC d/b/a Innovative Medical Clinic, and ABC Insurance Company, in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, bearing docket no. 2019-13514, and entitled <u>Robert Munro Husband of/and Charlene Munro v. ABC Ins. Co., et al.</u>[1]

---

[1] *See* Exhibit "A", attached, Verified Petition for Personal Injury Damages.

2.

The petition seeks damages from CRHGZH, LLC, McMath Properties, LLC, and Innovative Health Services, LLC for bodily injury and loss of consortium allegedly arising out of a trip and fall on July 13, 2018 at 1570 Lindberg Drive, Suite 14, Slidell, Louisiana.[2]

3.

Plaintiffs allege that Innovative Health Services, LLC operated, managed, and controlled Innovative Medical Clinic at 1570 Lindberg Drive, Suite 14, that it was the lessee of that property, that CRHGZH and/or McMath Properties were the owners and lessors of 1570 Lindberg Drive, including Suite 14, and that on July 13, 2018, Robert Munro was walking on the vertical walkway leading to the front door of Innovative Medical Clinic when his right foot caught on a hidden "lip" existing between the vertical concrete walkway and the abutting/horizontal concrete pad/porch, causing him to fall forward with his left shoulder and chest violently colliding with the metal door frame of the entrance to the clinic.[3]

4.

Robert Munro alleges he suffered serious injuries to his left shoulder, requiring surgery, hospitalization, physical therapy, clinical examinations, diagnostic studies, prescription medications, and medical aids, devices and/or appliances; that he has suffered nervous shock and other injuries to his nervous system and psyche; has suffered sleep disturbance; that his daily activities have been disrupted; that he has been disabled from and/or handicapped in his daily activities and pleasures of life; that he more likely than not will require additional surgical intervention; and that these conditions are probably permanent such that the full residuals and

---

[2] Id.
[3] Id.

sequelae will be severe; Charlene Munro, wife of Robert Munro, alleges past, present, and future loss of consortium.[4]

5.

CRHGZH, LLC was served with the petition and citation on July 23, 2019.[5]

6.

McMath Properties, LLC was served with the petition and citation on July 22, 2019.[6]

7.

The citation for Innovative Health Services, LLC was returned on August 12, 2019 as unable to serve.[7]

8.

On October 24, 2019, McMath Properties, LLC, filed a Third Party Demand naming RSUI Indemnity Company ("RSUI Indemnity") and Covington Specialty Insurance Company ("Covington") as Third Party Defendants.[8]

9.

McMath Properties, LLC alleges that Third Party Defendants issued Policy No. VBA600096 00 to Lindberg Properties, LLC, and that McMath Properties, as a member of Lindberg Properties, LLC, is afforded coverage under this policy, and is entitled to defense and indemnification from RSUI Indemnity and Covington.[9]

---

[4] Id.
[5] See Exhibit "C", attached.
[6] See Exhibit "D", attached.
[7] See Exhibit "E", attached.
[8] See Exhibit "B", attached, Third Party Demand.
[9] Id.

10.

RSUI Indemnity Company was served with citation, the petition for personal injury damages, and the third party demand on November 6, 2019.[10]

11.

Covington Specialty Insurance Company was served with citation, the petition for personal injury damages, and the third party demand on November 6, 2019.[11]

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 and 28 U.S.C. § 1441**

**The Amount in Controversy is Met for Removal Jurisdiction**

12.

The district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different States. 28 U.S.C. § 1332(a)(1).

13.

Because Louisiana prohibits plaintiffs from claiming a specific amount of damages, and the plaintiff's petition does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient; the removing defendant may support federal jurisdiction by establishing that it is "facially apparent" that the "claims probably exceed $75,000" or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met.[12]

---

[10] *See* Exhibit "F", attached.
[11] *See* Exhibit "G", attached.
[12] Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773-74 (5th Cir. 2003) (*citing* De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999)).

14.

It is facially apparent that the Munros' claims are above $75,000, and support a monetary basis to confer removal jurisdiction, where Mr. Munro alleges the serious injuries to his shoulder required surgery, hospitalization, physical therapy, diagnostic studies, clinical examinations, prescription medications, and medical aids, devices and/or appliances; that he has been disabled in his daily activities and pleasures of life; and that he more likely than not will require additional surgery and that his conditions are probably permanent, and Mrs. Munro alleges past, present, and future loss of consortium.

**Complete Diversity of Citizenship Exists**

15.

Plaintiffs, Robert Munro and Charlene Munro, are domiciled in Carriere, Mississippi.[13]

16.

Defendant, Innovative Health Services, LLC, who remains unserved with citation and petition, is a Louisiana limited liability company and, upon information and belief, whose sole member is John. V. Barton, domiciled in Zachary, Louisiana.

17.

Defendant CRHGZH, LLC is a Louisiana limited liability company whose sole member, Reed Ingram, is domiciled in St. Tammany Parish, Louisiana.

18.

Defendant and Third-Party Plaintiff, McMath Properties, LLC is a Louisiana limited liability company whose sole members, Don McMath and Deborah McMath, are domiciled in St. Tammany Parish, Louisiana.

---

[13] *See* Exhibit "A", Petition

19.

Third-Party Defendant RSUI Indemnity Company is domiciled in New Hampshire with its principal place of business in Atlanta, Georgia.

20.

Third-Party Defendant Covington Specialty Insurance Company is domiciled in New Hampshire with its principal place of business in Atlanta, Georgia.

21.

Accordingly, there is complete diversity of citizenship between the plaintiffs, Robert Munro and Charlene Munro, and defendants CRHGZH, LLC, McMath Properties, LLC, and Innovative Health Services, LLC, and Third-Party Defendants RSUI Indemnity Company and Covington Specialty Insurance Company, and there is complete diversity of citizenship between Third-Party Plaintiff McMath Properties, LLC and Third-Party Defendants RSUI Indemnity Company and Covington Specialty Insurance Company.

22.

Therefore, for each of the foregoing reasons, this is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between the plaintiffs and defendants and third-party defendants, and complete diversity exists between third-party plaintiff and third-party defendants. As such, removal is appropriate under 28 U.S.C. § 1441 *et seq.*

## II.    RSUI INDEMNITY AND COVINGTON HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### Removal is Timely

23.

RSUI Indemnity and Covington assert the time for removal in this matter is governed by 28 U.S.C. § 1446 (b)(2)(B), which provides:

> Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

24.

In a multi-defendant case, each defendant has thirty days "after receipt by or service on that defendant of the initial pleading or summons" to file notice of the removal.[14]

25.

RSUI Indemnity Company was served with citation, the petition for personal injury damages, and the third party demand on November 6, 2019.[15]

26.

Covington Specialty Insurance Company was served with citation, the petition for personal injury damages, and the third party demand on November 6, 2019.[16]

27.

The Notice of Removal is filed within thirty (30) days of service upon RSUI Indemnity Company and Covington Specialty Insurance Company.

---

[14] Clark v. L. Walther & Sons of Georgia, No. 19-11411, 2019 WL 4565498 * 1 (E.D. La. Sept. 20, 2019).
[15] See Exhibit "F", attached.
[16] See Exhibit "G", attached.

### Venue is Proper in this Judicial District

28.

The 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98. Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

### All Notices and Pleadings Are Being Properly Provided

29.

Pursuant to 28 U.S.C. § 1446(a) a copy of the Verified Petition for Personal Injury Damages, Third Party Demand, Return of Service on CRHGZH, LLC, Return of Service on McMath Properties, LLC, citation return unserved on Innovative Health Services, LLC, Return of Service on RSUI Indemnity Company, and Return of Service on Covington Specialty Insurance Company are attached hereto and marked for identification as Exhibits "A", "B", "C", "D", "E", "F", and "G", respectively. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiffs, Robert and Charlene Munro. Additionally, a copy is being filed with the Clerk of Court for the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. No other process, pleadings, or orders have been served upon these defendants.

**WHEREFORE**, third-party defendants, RSUI Indemnity Company and Covington Specialty Insurance Company, respectfully pray that the above-numbered and entitled state court action on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, State of

Louisiana, be removed from said court to the United States District Court for the Eastern District of Louisiana, and for all other general and equitable relief.

        Respectfully submitted,

        **HEBBLER & GIORDANO, L.L.C.**
        *Attorneys at Law*

        By:  **/s/ *Frances Irene McGinnis***
            **GEORGE P. HEBBLER, JR.** (LA. BAR #6722)
            hebbler@hebblergiordano.com
            **FRANCES IRENE MCGINNIS, T.A.** (LA. BAR #26998)
            mcginnis@hebblergiordano.com
            **DIANNA DUFFY WILLEM** (LA. BAR #36438)
            willem@hebblergiordano.com
            3501 North Causeway Boulevard, Suite 400
            Metairie, Louisiana  70002
            Telephone:  504-833-8007
            Facsimile:  504-833-2866
            **Attorneys for RSUI Indemnity Company and**
            **Covington Specialty Insurance Company**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on December 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| JANE L. TRIOLA<br>jane@pearlriverlaw.com<br>Attorney at Law<br>64242 Hwy. 41<br>Pearl River, LA 70452<br>and<br>RANDY P. RUSSELL<br>randy@rprlawoffices.com<br>The Law Office of Randy P. Russell LLC<br>1070B W. Causeway Approach<br>Mandeville, LA | MATTHEW D. MONSON<br>matthew@monsonfirm.com<br>RACHEL L. FLARITY<br>rachel@monsonfirm.com<br>LAURA H. ABEL<br>laura@monsonfirm.com<br>JOSHUA H. DIERKER<br>joshua@monsonfirm.com<br>The Monson Law Firm LLC<br>900 West Causeway Approach, Suite A<br>Mandeville, Louisiana 70471 |

JEFFREY L. OAKES
jlo@ocblaw.com
Law Office of Jeffrey L. Oakes LLC
330 Carondelet Street
New Orleans, Louisiana 70130

**I FURTHER CERTIFY** that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

JANE L. TRIOLA
jane@pearlriverlaw.com
Attorney at Law
64242 Hwy. 41
Pearl River, LA 70452
and
RANDY P. RUSSELL
randy@rprlawoffices.com
The Law Office of Randy P. Russell LLC
1070B W. Causeway Approach
Mandeville, LA

MATTHEW D. MONSON
matthew@monsonfirm.com
RACHEL L. FLARITY
rachel@monsonfirm.com
LAURA H. ABEL
laura@monsonfirm.com
JOSHUA H. DIERKER
joshua@monsonfirm.com
The Monson Law Firm LLC
900 West Causeway Approach, Suite A
Mandeville, Louisiana 70471

JEFFREY L. OAKES
jlo@ocblaw.com
Law Office of Jeffrey L. Oakes LLC
330 Carondelet Street
New Orleans, Louisiana 70130

INNOVATIVE HEALTH SERVICES LLC
c/o JOHN B. BARTON
17123 Old Scenic Highway
Zachary, Louisiana 70791

                /s/ *Frances Irene McGinnis*
                **FRANCES IRENE McGINNIS**